U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 10 2009

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY STEVEN AGUILAR | § | |
| | § | |
| | § | |
| VS. | § | NO. 4:09-CV-125-A |
| | § | (NO. 4:05-CR-195-A) |
| | § | |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Anthony Steven Aguilar, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion and memorandum in support thereof, the government's response with appendix, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On December 14, 2005, movant was charged, with various co-defendants, with one count of a fourteen-count indictment, alleging that he conspired to possess with intent to distribute more than fifty grams of pure methamphetamine, in violation of 21 U.S.C. § 846 and 841(b)(1)(A). Attorney Brett Boone ("Boone") was appointed as movant's trial counsel on January 5, 2006. Movant pleaded not guilty, and, after a two-day trial, a jury found him guilty as charged on March 14, 2006. Following his conviction, movant filed a motion for new trial, which the court denied on March 22, 2006. On June 30, 2006, the court sentenced movant to a

term of 360 months' imprisonment followed by a five-year term of supervised release. On August 28, 2006, movant retained attorney Mick Mickelsen ("Mickelsen") to represent him on appeal. The United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence on July 20, 2007. <u>United States v. Aquilar</u>, 237 F. App'x. 956 (5th Cir. Aug. 16, 2007). Movant's petition for writ of certiorari to the United States Supreme Court was denied on February 25, 2008. Movant timely filed the instant motion seeking relief under 28 U.S.C. § 2255.

II.

<u>Grounds of the Motion</u>

Movant asserts that the legal representation given by his attorneys at trial, sentencing, and on appeal violated his right to effective assistance of counsel. Movant argues that Boone was ineffective as trial counsel because he: (1) failed to adequately investigate the charges against movant and develop a reasonable trial strategy; (2) failed to call movant to testify and prevented him from testifying; and (3) failed to call Edgardo Gutierrez ("Gutierrez") as a witness to impeach the testimony of a government witness, Priscilla Pena ("Pena"). Movant further argues that Boone was ineffective as sentencing counsel because he failed to call witnesses to rebut critical information in the Presentence Report ("PSR") that resulted in an increased sentence based on (1) the amount of drugs attributable to movant; (2) possession of a firearm by movant; and (3) movant's role as a manager or supervisor of an individual named Matthew Becker

2

("Becker"). Finally, movant claims Mickelsen was ineffective as appellate counsel because he failed to raise the trial court's refusal to allow the testimony of defense witness Karlee Trimble ("Trimble"), movant's girlfriend, and failed to raise the ineffective assistance of trial and sentencing counsel.

III.

Applicable Standard

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981). Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

## Analysis

To prevail on his ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). This standard applies regardless of whether the movant pleaded guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 687. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Counsel's decision regarding trial tactics and strategy cannot support a claim for ineffective assistance of counsel unless "it is so ill chosen that it permeates the entire trial with obvious unfairness." Cotton v. Cockrell, 343 F.3d 746, 752-53 (5th Cir. 2003) (internal citations omitted). Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000). To prevail on a claim of ineffective assistance of appellate counsel, movant would have to prove both that counsel's legal representation was objectively

unreasonable and that, but for counsel's unreasonable failure, there is a reasonable probability movant would have prevailed on his appeal. See Smith v. Robbins, 528 U.S. 259, 285 (2000).

Movant is not entitled to relief based on the alleged ineffective assistance of Boone or Mickelsen because he has not shown that their performance fell below an objective standard of reasonableness, nor has he shown that there is a reasonable probability that, but for counsel's alleged failures, the result of any of the proceedings would have been different. See Strickland, 466 U.S. at 687.

A. Alleged Errors of Trial Counsel

Movant asserts that he was denied effective assistance of trial counsel because Boone: (1) failed to adequately investigate and develop a trial strategy; (2) failed to call movant to testify and prevented him from testifying; and (3) failed to call Gutierrez as a witness to impeach the testimony of Pena.

1. Failure to Investigate and Develop Trial Strategy

Movant complains that Boone failed to investigate all the charges against him and failed to develop a reasonable trial strategy. Counsel's decision about a particular investigation "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Movant's conclusory allegations are insufficient to establish his claims of ineffective assistance of counsel on this basis. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Movant must "allege

5

with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Movant fails to make the required showing, as he does not specifically allege what a reasonable investigation would have revealed or how it would have altered the outcome of his trial. See Green, 882 F.2d at 1003.

As part of his claim of lack of investigation and reasonable trial strategy, movant further claims that Boone: told him that the government offered him a twenty-year sentence in exchange for a guilty plea and then gave him only one hour to decide or go to trial; had minimum contact with him and never discussed trial strategy; and failed to discuss information in the DEA-6 forms or other discovery materials pertaining to co-defendants which could have been used to impeach the credibility of the government's witnesses.

In response, the government submitted the affidavit of Boone, wherein he stated that he met with movant on several occasions, including for over two hours on one specific occasion to discuss whether movant would enter a plea agreement or proceed to trial, and if the latter, which witnesses to call for trial. Boone provides examples of the specific considerations he discussed with movant.

Movant fails to show prejudice. Movant does not identify the unspecified discovery he claims Boone should have reviewed, nor does he describe the specific information supposedly contained in

that discovery or in the DEA-6 forms, or how that information could have been used to impeach other witnesses, nor does he even identify the government's witnesses or the inconsistencies in their testimony that could have been impeached. In short, movant has done nothing but provide the court with conclusory allegations and has failed to show that Boone's trial strategy was "so ill chosen that it permeate[d] the entire trial with obvious unfairness." Cotton, 343 F.3d at 752-53.

### 2. Failure to Call Movant to Testify At Trial

Movant claims that he wanted to testify at trial, but Boone failed to call him as a witness. Movant offers as support his statement to the court during sentencing, wherein he stated:

> Your Honor, I wish I would have taken the stand during trial, Your Honor, but I didn't and I wish I would have. More than likely, I wouldn't be standing here today, Your Honor, if I would have gotten on that stand. I believe in my heart.

Sentencing Tr. at 28. In his affidavit, Boone states that, after discussions between movant and counsel, movant made the decision not to testify. Movant's statement fails to fulfill his burden to show that counsel rendered ineffective assistance. While he states that he wishes he had taken the stand, nowhere does he indicate that his attorney prevented him from testifying. Nor has movant fulfilled the prejudice prong. Movant failed at sentencing and in his motion to vacate to explain what his testimony would have been or how there is a reasonable probability that his testimony would have resulted in a different outcome, especially given the substantial evidence of his guilt submitted at trial.

United States v. Harris, 408 F.3d 186, 192 (5th Cir. 2005); Sayre v. Anderson, 238 F.3d 631, 635 (5th Cir. 2001).

### 3. Failure to Call Witnesses At Trial

Movant further complains that Boone called only two witnesses at trial and that his examination of both failed to attack the substance of the charges against him. "[D]ecisions as to whether or not to call certain witnesses to the stand, whether to ask or refrain from asking certain questions, and the like, are tactical determinations. Errors, even egregious ones, in this respect, do not provide a basis for postconviction relief." United States v. Rubin, 433 F.2d 442, 445 (5th Cir. 1970); United States v. Hughes, 635 F.2d 449, 452-53 (5th Cir. 1981).

Movant also contends that counsel refused his request to call Gutierrez to testify on his behalf. According to movant, Gutierrez would have impeached the testimony of Pena, a government witness who testified that she had seen movant at locations where drug activity occurred. Complaints based on the testimony of uncalled witnesses are particularly disfavored because the presentation of witnesses is a matter of strategy that is within trial counsel's discretion, and allegations of what a witness's testimony would have been are largely speculative. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985); Sayre, 238 F.3d at 635-36. "Where the only evidence of a missing witnesses' testimony is from the defendant," the court must view claims of ineffective assistance premised on the

8

uncalled testimony with "great caution." Id. at 636 (internal citations omitted). A prisoner's conclusory assertion that a particular witness should have been called does not overcome the strong presumption that his counsel's actions were reasonable. Id. Conclusory assertions are all that movant has provided the court with respect to Gutierrez's testimony.

Movant must also show prejudice, meaning a "'reasonable probability' that the uncalled witnesses would have made any difference to the result." Id. at 603. Here, movant fails to show prejudice. Boone's affidavit states that Gutierrez was present and available as a witness during trial. However, because Pena affirmatively stated on direct examination that she did not know movant, but only knew of him, counsel concluded there was no need to attempt to impeach her testimony. Given the overwhelming evidence of movant's guilt, he can neither show prejudice nor establish that Boone's decision not to call Gutierrez constituted ineffective assistance of counsel.

B.   Alleged Errors Of Counsel At Sentencing

Movant contends that Boone rendered ineffective assistance at sentencing because he failed to call witnesses to rebut hearsay statements in the PSR that resulted in an increased sentence based on (1) the amount of drugs attributable to movant; (2) the court's finding that movant was in possession of a firearm; and (3) movant's role as a supervisor of Becker.

The PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making

9

factual determinations required by the sentencing guidelines." United States v. Trujillo, 502 F.3d 353, 357 (5th Cir. 2007). The defendant bears the burden of showing that the information in the PSR relied on by the court is materially untrue, a burden movant has failed to carry. See id.

### 1. Failure to Call Witnesses Regarding Drug Amounts

Specifically, movant complains that Boone's failure to call Manny Cortez ("Cortez"), Pena, Mario Bertram ("Bertram"), Rodney Miller ("R. Miller"), Katy Miller ("K. Miller"), and Frank Flores ("Flores") to testify at sentencing constituted ineffective assistance of counsel.

Movant makes the conclusory assertion that had the above-identified witnesses testified at sentencing, their testimony would have supported his objections and refuted alleged hearsay statements in the PSR. Complaints of uncalled witnesses are viewed with disfavor, as allegations of what a witness would have testified to are largely speculative. Sayre, 238 F.3d at 635-36. Movant's bald assertion is insufficient to prove that counsel was ineffective for failing to call Cortez, Pena, Beltran, R. Miller, K. Miller, and Flores to testify at sentencing. Movant offers nothing to show these witnesses would have agreed to testify on his behalf, or that they would have testified in support of his objections. Flores and K. Miller testified for the government at trial, and Pena testified that she knew of movant but did not know him. The court discounted the letter Cortez submitted, wherein he claimed he never told anyone he purchased drugs from

10

movant, as Cortez is a prisoner in the state penitentiary and could be motivated not to be perceived as an informant. Movant offers nothing to show what the testimony of any of these witnesses would have been. The court concludes that there is no reasonable probability that, had movant submitted the testimony of any of these witnesses, he would have received a lesser sentence.

### 2. Possession By Movant of A Firearm

Movant claims that Boone was ineffective for failing to call Flores or Scott Clement ("Clement") to testify at sentencing to refute information in the PSR that movant was present at the warehouse when guns were possessed there, information upon which the court relied to impose a two-level enhancement. The court at sentencing credited the case agent's summary of information he learned from Clement, who placed movant in the location where drugs and firearms were in plain sight. Movant offers nothing to show that Clement would have testified on his behalf or that he would have testified in contradiction to previous information he provided the government. Flores likewise testified for the prosecution at trial, making it unlikely he would have offered mitigating testimony for movant at sentencing. There is no reasonable probability that the testimony of Clement or Flores would have resulted in a lesser sentence.

### 3. Supervision by Movant of Becker

Movant contends that Boone provided ineffective assistance because he failed to call Flores or Becker to refute Flores's

11

hearsay statement in the PSR that movant was the supervisor of Becker, although Flores never testified to such at trial. Hearsay evidence is admissible at sentencing, and the court properly relied on Flores's statement. United States v. Solis, 299 F.3d 420, 455 (5th Cir. 2002). The Fifth Circuit agreed: in affirming movant's conviction and sentence, that court concluded that "Flores's omission of any mention of a runner in his trial testimony does not make that testimony contradictory or inconsistent with what he told the federal agents in the interview, as reported by the PSR." App. to Resp. in Opp'n to Mot. Under § 2255 at 4. Further, as noted above, Flores testified for the prosecution at trial and provided information to the government for use in the PSR, making it unlikely he would have switched sides and testified favorably for movant during sentencing. Boone in his affidavit stated that he was unable to locate Becker to obtain his testimony. Aside from the conclusory assertion that Flores's and Becker's testimony would have supported his objections, movant adduces nothing to show what the purported testimony of Flores or Becker would have been or how it would have supported his objections. There is no reasonable probability that the omitted testimony would have resulted in a lesser sentence.

C.  Failure of Appellate Counsel to Raise Issue on Appeal

Finally, movant contends that Mickelsen's legal services denied him effective assistance of appellate counsel because Mickelsen did not raise on appeal the trial court's refusal to

12

allow defense witness Trimble, movant's one-time girlfriend, to testify that she had been raped by Flores, thus showing movant had no motive to work with Flores in any criminal undertaking. Given Flores's central role in the conspiracy, movant argues that undermining Flores's credibility was key to his defense.

Appellate counsel has no duty to bring frivolous claims on appeal; the opposite is true. See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994). There is no constitutional right for appellate counsel to pursue nonfrivolous points as requested by his client if counsel makes a professional judgment not to present those points. Jones v. Barnes, 463 U.S. 745, 751 (1983).

Here, Mickelsen's decision not to raise this issue on appeal was a strategic decision as, in his judgment as set forth in his affidavit, the testimony's relevance appeared weak. In any event, the court concludes that movant cannot establish prejudice by Mickelsen's failure to raise this argument on appeal. Given the number of witnesses and overwhelming evidence against movant adduced at trial, movant cannot show that there is a reasonable probability that, but for Mickelsen's decision, he would have prevailed on appeal. See Smith, 528 U.S. at 285.

Movant also objects to Mickelsen's failure to raise on appeal his claims of ineffective assistance of counsel at trial and sentencing. As movant concedes, such claims are more appropriately raised in a motion pursuant to § 2255. Massaro v. United States, 538 U.S. 500, 501 (2003); United States v. Gordon, 346 F.3d 135, 136 (5th Cir. 2003).

V.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Anthony Aguilar to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED August 10, 2009.

_____
JOHN McBRYDE
United States District Judge